The opinion of the Court was delivered by
JohnsoN, J.
The necessity of making Hiram Davis and Elizabeth Robinson parties to this bill, is too apparent to require explanation. Without it, the object of the bill could not be attained, and when that appears, this Court has, in very many instances, permitted the plaintiff to make additional parties, after trial on Circuit, of which Rodgers vs. Jones, 1 McC. Ch., 226, is an instance. They are named in the bill, and if process was not served upon them, it was probably an inadvertence— possibly they may have been served, and the evidence of it lost — and these considerations appear to me to furnish a sufficient reason for extending the like indulgence to this plaintiff, especially as, in the judgment of the Court, the case must go back for a new trial upon the merits. The bill is ordered, by the Circuit Court decree, to be dismissed, on the ground, as I understand it, that the complainant’s testator was concluded by the decree of the Court of Ordinary, and to the correct understanding of this ground it will be necessary to take a concise view of the circumstances. William Robinson died intestate *395 in 1805, and administration of his estate was granted to Joseph Robinson, complainant’s testator, and the defendant, Ann Davis, then his widow. They made and returned to the Ordinary’s office, an inventory and appraisement of the personal estate, and afterwards sold it, under an order from the Ordinary, to whose office an account of this sale was also returned. No other returns were made to the Ordinary. By a decree of the Ordinary, which bears date on the 3d day of October, 1825, it is recited that Joseph Robinson (alone) had been cited before the Court of Ordinary, to account for his administration, and that he had so accounted; and it is ascertained that he had in his hands, on the 9th April, 1807, the sum of $302 58J cents, assets of the estate, after deducting expenses, that being the amount of sales and cash on hand, taken from the return of sales; and by the decree he is ordered to pay that sum, with interest from that day, one-third to the defendant, Ann Davis, his co-administratrix, one-third to the defendants, John Warren and wife, and the remaining one-third to Elizabeth Robinson. To recover this amount, an action was brought at Law, in name of the Ordinary, against Joseph Robinson, on the administration bond, and he would have defended himself, on the ground that he had .never been cited before the Ordinary, or otherwise had notice to account, and had not accounted; but it was held that he was concluded by the decree of the Ordinary containing a recital of his having been cited and having accounted. (b) And the allegation in the complainant’s bill is, that notwithstanding that decree, by far the greater portion of the estate — all, indeed, except a very small amount — went into the hands of the defendant, Ann Davis, his co-administratrix; and it is prayed that she may be compelled to account with the complainant for it; but it is objected that the complainant is concluded by the decree of the Ordinary against him.
I concede, in extenso, that the judgment of the Court of Ordinary, in a matter in which he has jurisdiction, is conclusive *396 between-the parties to it. But the foundation of the liability of -joint administrators (indeed, of every administrator,) is the bond given to the Ordinary for their faithful administration of the estate committed to their charge. The obligation imposed by the bond is, that they, (the joint administrators,) when, as in this case, they join in the same bond, shall account before the Ordinary, when required, and shall pay over the assets to those entitled by law — it is then a joint liability. The power of administration is joint- — each is equally entitled to the possession of the assets. Suppose an action brought against joint administrators, will it be any excuse for one that he has never inter-meddled with the., estate, and that the other has taken upon himself the whole management of it; or, if one of several is sued on the bond, will that defence avail him; or, if one only is called to an account in Chancery, will it avail him that the funds are in the hands of his co-administrator? Surely not, for he is bound by his bond for his administration, and if he is compelled to pay, may he not require remuneration from the defaulter ?*
What is the case here? Joseph Robinson, one of two administrators, has been called before the Ordinary, to account for his administration of the estate of- Wm. Robinson. Could it have availed him, as a defence, if he had shown that the assets were in the hands of Ann Davis, his co-administratrix? Whether they were, or not, he was bound by the terms of the bond. But that is not all: there is no condition in the bond that the administrators shall account with each other, and I know of no authority that the Ordinary has to determine matters of account between them. It is evident, moreover, that the matters of account between these administrators was not before the Ordinary.' There is no statement of their accounts, nor does the decree itself profess to adjust them. They are yet unadjusted, and it is but reasonable that complainant shall require contribution from the defendant, Ann Davis, to the extent of the assets in her hands, and that is substantially the leading object of the bill.
*397 This would suffice for the case itself. I cannot forbear, however, to notice the case of Henderson vs. Mitchell, noticed in the Circuit Court decree, lest the assent of the Court to the strictures on it might be inferred. I was not present at the trial of that cause; but, as I understand it, the point decided is, that one having a good defence at law, and neglecting to make it, will not be relieved in Equity; and I do not know that that has ever been questioned, nor can I see its necessary bearing on this case.
It is, therefore, ordered and decreed, that the decree of the Circuit Court, dismissing complainant’s bill, be, and the same is hereby set aside and reversed, and that the cause be referred back to the Circuit Court, for trial on the merits; and that complainant have leave, if necessary, to amend his bill, and sue out subpoenas, to make Hiram Davis and Elizabeth Robinson parties.
O’Neall, J., and Martin, J., sitting for Harper, J., concurred.

Decree reversed.

 See this case, 1 Bail., 25.